UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELIAS RODRIGUEZ,<br><br>Defendant. | CRIMINAL NO.: 25-cr-____<br><br>MAGISTRATE NO.: 1:25-mj-00091 |

## MOTION TO DELAY DOCKETING OF INDICTMENT TO ALLOW TIMELY NOTIFICATION TO CRIME VICTIMS

The United States, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to delay the docketing of this indictment until Thursday, August 7, 2025, at 11:00am, to allow the government to provide notice to crime victims. This limited delay in docketing the indictment, which is equivalent to a brief seal, would be in the public interest and would not prejudice the defendant.

This case involves two decedent victims and two surviving victims. Families of the decedents reside in Israel and Kansas; the surviving victims are local to the District of Columbia metropolitan area. The victims were close friends, and their families are known to each other. The government seeks to notify all victims simultaneously, either in person or via teleconference for those victims located outside the District of Columbia. Israel is seven hours ahead of the District of Columbia and Kansas is one hour behind the District of Columbia. Providing notifications on Thursday, August 7, 2025, at 10:00am, ensures that all victims will be notified during waking hours in their local time zone.

If the Court were to grant the motion, the government would (a) immediately provide a copy of this motion to defense counsel and inform defense counsel that an indictment was returned

and (b) convene a meeting with the crime victims on Thursday, August 7, 2025, at 10:00am, so that the government can inform the families that an indictment was returned prior to that information becoming public.

In support of its motion, the government asserts the following:

1. Today (August 6, 2025), a federal grand jury returned an indictment against the defendant related to his shooting to death two Israeli Embassy employees outside the Capital Jewish Museum in Washington, DC, on May 21, 2025. The indictment also contains charges related to two other Israeli Embassy employees who were in the zone of danger during the shooting.

2. On May 22, 2025, in case number 1:25-mj-00091, the defendant was charged via complaint, presented, and ordered detained.

3. In recognition of the substantial rights that victims of crime have concerning this matter, the government seeks permission to inform the victims of the fact of the indictment before that fact is made public. There is a compelling governmental interest to do so.

4. The Victims' Rights and Restitution Act requires a responsible official in the Department of Justice to "provide a victim the earliest possible notice of the filing of charges against a suspected offender." 34 U.S.C. § 20141(c)(3)(C).

5. Similarly, the Crime Victims' Rights Act afforms crime victims the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The Crime Victims' Rights Act also provides a right for a crime victim to confer with a government attorney about the case. *Id.* at (a)(5).

6. The government is required to keep grand jury proceedings secret unless and until an indictment is returned to a magistrate judge. *See* Fed. R. Crim. P. 6(e)(2)(B)(vi) and (f).

7. Given that this case already garnered significant public attention around the time of the defendant's arrest and initial appearance, it is likely that public docketing of the indictment will also generate significant publicity.

8. The government's request is the most efficient and effective way of allowing the government to prioritize informing the relevant victims, who are geographically dispersed across time zones that span eight hours of difference, without unnecessarily prolonging the sealing of the indictment or the public's knowledge of it.

9. A slight delay in docketing the indictment will not prejudice the defense, who will be informed of the fact of the indictment today and will be provided a copy of the indictment tomorrow morning.

10. A slight delay in docketing the indictment will also not prejudice the public, which will be informed of the indictment tomorrow morning.

11. The public has a general right of access to court documents "unless there are compelling reasons demonstrating why [such access] cannot be observed." *Washington Post v. Robinson*, 935 F. 2d 282, 287 (D.C. Cir. 1991). The government can overcome a "presumption of openness" by demonstrating an "overriding interest . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 288 (quoting *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985)).

12. A short delay in docketing the indictment is a "narrowly tailored" mechanism to ensure that the government's "overriding interest" in complying with the letter and spirit of the

3

laws providing rights to crime victims to be treated with fairness and dignity and to receive prompt notice of the filing of charges.

13. For all of the reasons outlined concerning the rights of crime victims, it is critical that the victims of the shooting be provided this information from the government before any public hearing or public docketing takes place.

14. Judge Friedrich granted a similar motion in *United States v. Al-Marimi*, Case No. 1:22-cr-392, ECF No. 12 (Dec. 12, 2022), to allow the United States to provide notice of the indictment to the many overseas victims' families before the indictment was publicly docketed. In that case, while the magistrate judge initially sealed the indictment when it was returned (ECF No. 10), Judge Friedrich then permitted limited unsealing to allow the government to make the crime victim notifications before the indictment was fully unsealed and made available to the public.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the Court issue an Order delaying the docketing of the indictment and this motion until Thursday, August 7, 2025, at 11:00am, so that the United States may respectfully inform the crime victims of this important case development.

A proposed order is attached for the Court's convenience.

                                        Respectfully Submitted,

                                        JEANINE FERRIS PIRRO
                                        UNITED STATES ATTORNEY

                                        */s/ Jeffrey Nestler*
                                        Jeffrey Nestler (DC Bar No. 978296)
                                        Christopher Tortorice (TX Bar No. 24048912)
                                        Timothy Visser (DC Bar No. 1028375)
                                        Assistant United States Attorneys
                                        United States Attorney's Office
                                        601 D Street NW
                                        Washington, DC 20530
                                        jeffrey.nestler@usdoj.gov
                                        christopher.tortorice@usdoj.gov
                                        timothy.visser@usdoj.gov

                                        *Counsel for the United States*