UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:25CR224 |
| | : | |
| ELIAS RODRIGUEZ, | : | |
| Defendant. | : | |

## MOTION TO SCHEDULE ARRAIGMENT HEARING AND EXCLUDE TIME

Elias Rodriguez, by and through his attorneys, respectfully submits this Motion to Schedule an Arraignment Hearing on September 3 at 3:00 p.m. or September 4 at 10:00 a.m. or 11:00 a.m., and to exclude time under the Speedy Trial Act. Undersigned counsel understands that the Court and the government are available on the requested dates. In support of this Motion, counsel state:

1. On August 7, 2025, an Indictment was filed charging Mr. Rodriguez with Murder of Foreign Official, in violation of 18 U.S.C. §1116(a); two counts of Hate Crime Resulting in Death, in violation of 18 U.S.C. § 249(a)(2); two counts of Discharge of Firearm During Crime of Violence and Causing the Death of a Person, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j); two counts of First Degree Murder While Armed, in violation of D.C. Code §§ 22-2101 and 22-4502; and two counts of Assault with Intent to Kill while Armed, in violation of D.C. Code §§ 22-401 and 22-4502. The Indictment notices "special findings," under 18 U.S.C. §§ 3591 and 3591, which render this case death penalty eligible.

2. While the Arraignment Hearing is typically held within 14 days of return of the Indictment, this is not the typical case. Indeed, the Supreme Court has repeatedly reinforced that courts must approach death-penalty cases differently. *See, e.g.*, *Ring v. Arizona*, 536 U.S. 584, 605-06 (2002) ("no doubt that '[d]eath is different'" (citation omitted)); *Spaziano v. Florida*, 468 U.S. 447, 459 (1984) (citing Court's prior recognition of the "qualitative difference of the death penalty");

*Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (death is "qualitatively different"). In recognition of the uniqueness of a capital case, the Supreme Court "has been particularly sensitive to insure that every safeguard is observed." *Gregg v. Georgia*, 428 U.S. 153, 187 (1976). Thus, the Court must apply heightened procedural protections because the government has indicated it may seek death for Mr. Rodriguez. *See Beck v. Alabama*, 447 U.S. 625, 638 (1980) (applying heightened reliability standard to procedures that impact the reliability of the guilt determination in a death-penalty case).

3. Because this is a death penalty eligible case, in addition to undersigned counsel from the D.C. Federal Public Defender, learned counsel, who resides in Colorado, has been appointed. Additionally, experienced counsel from the Federal Capital Trial Unit, located in Philadelphia, has entered his appearance. Both counsel need to pre-arrange travel to the District to meet with Mr. Rodriguez and attend court hearings.

4. Pertinent to the scheduling of the Arraignment, defense counsel need to ensure that sufficient time is spent reviewing the Indictment and the special findings with Mr. Rodriguez. The legal theories raised in the Indictment are complex and not usual. Counsel thus need to conduct sufficient research and take the time necessary to explain the Indictment to Mr. Rodriguez prior to the Arraignment, including explaining the import of the special findings and the capital review process.

5. Due to defense counsels' collective travel and trial schedules—and the heightened need to review the Indictment carefully and extensively with Mr. Rodriguez—defense counsel request additional time to fully discuss the Indictment with Mr. Rodriguez prior to the Arraignment and requests that the hearing occur September 3 at 3:00 p.m. or September 4 at 10:00 a.m. or 11:00 a.m.

6.      Counsel further request that the Court toll all time between August 6, 2025, and the Arraignment Hearing from the Speedy Trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv). The time is properly tolled because of the complex nature of this case.

7.      Undersigned counsel have conferred with government counsel. The government's position is that the arraignment should take place at the earliest possible date and time that the Court and defense counsel are available.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Elizabeth Mullin
Diane Shrewsbury
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

Eric K. Klein
Johnson & Klein, PLLC
5398 Manhattan Circle
Boulder, CO 80303
(303) 444-1885

Victor J. Abreu
Federal Community Defender Office, EDPA
601 Walnut Street, Ste 545 West
Philadelphia, PA 19106
(215) 928-0520