```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

   UNITED STATES OF AMERICA,
                                        Criminal Case Nos.
                   Plaintiff(s),        25-mj-00091
                                        25-cr-00224

         v.
                                        Washington, D.C.
   ELIAS RODRIGUEZ,
                                        August 6, 2025
                   Defendant(s).

   ------------------------------------------------------------

                         MOTION HEARING
              BEFORE THE HONORABLE JAMES E. BOASBERG
                 UNITED STATES DISTRICT CHIEF JUDGE

   APPEARANCES:

   FOR THE PLAINTIFF(S):    Jeffrey S. Nestler, Esquire
                            Jonathan Hornok, Esquire
                            Joslyn Ballantine, Esquire
                            Gregg Maisel, Esquire
                            Timothy Visser, Esquire
                            Andrew Manns, Esquire
                            United States Attorney's Office
                            District of Columbia
                            601 D Street Northwest
                            Washington, DC 20004


   FOR DEFENDANT(S):        No appearance




   REPORTED BY:             Tammy Nestor, RMR, CRR
                            Official Court Reporter
                            333 Constitution Avenue Northwest
                            Washington, D.C. 20001
                            tammy_nestor@dcd.uscourts.gov
```

1   The following proceedings began at 4:49 p.m.:
2          THE COURTROOM DEPUTY: We are on the record in a
3   magistrate case under seal.
4          Beginning with counsel for the government, if you
5   could please state your name for the record.
6          MR. NESTLER: Good afternoon, Your Honor. This is
7   Jeff Nestler on behalf of the United States. Also present
8   in the room with me are AUSAs Jonathan Hornok, Joslyn
9   Ballantine, Gregg Maisel, and Tim Visser, and Civil Rights
10  Attorney Andrew Manns.
11         THE COURT: Okay. Good afternoon to all of you
12  folks.
13         So I guess the question is there's a somewhat
14  unprecedented request for a delay in the docketing. And I
15  understand on a basis of being considerate to victims, which
16  I commend and I think is important and I'm glad you are
17  doing that, but I'm not sure it supersedes the law here.
18         So in other words, what -- what you have proposed to
19  me are, one, the Victims' Rights and Restitution Act
20  requires a responsible official to provide a victim the
21  earliest possible notice.
22         Okay. So that's now. So that's certainly not a
23  reason to delay it, is it, that that statute -- how does
24  that have a statutory basis to delay this?
25         MR. NESTLER: So to be clear, if we sort of step back

1    for a second, Your Honor, is we are not asking to seal
2    anything.  We are asking to delay the docketing.  So Judge
3    Faruqui accepted the return of the indictment in open court.
4    It has been officially returned.  It is a live indictment.
5    We are just asking the Court to direct the clerk's office to
6    not docket the indictment until tomorrow morning.  We are
7    not seeking a seal.
8            THE COURT:  I understand.
9            MR. NESTLER:  The reason being is that one of the
10   victims' families are in a time zone that makes it
11   impracticable to provide such a notice.  That's one.  And
12   two, because of the number of victims, the number of
13   victims' families in disparate time zones, providing them
14   seriatim notice we did not think would be treating them with
15   dignity and fairness because they all know each other.  And
16   so we think providing them all notice contemporaneous with
17   each other would be appropriate.
18           THE COURT:  Right.  So why don't you have different
19   people email or call the different victims, and that way
20   they will get it simultaneously?  And the Israeli family,
21   maybe they are awake and they get it, and if not, they have
22   to wait until they wake up in the morning, but they will
23   know that you sent it at the immediate moment.
24           I just don't see how the -- and I understand it's not
25   a sealing.  It's a request to delay the docketing.  But I

1  don't see the basis for it once the indictment has been
2  returned.
3      MR. NESTLER:  The CVRA requires all the government
4  officials to treat the victims with dignity and fairness.
5  We believe that in this kind of a situation, having a
6  face-to-face conversation being facilitated via video
7  conference with victims' families as opposed to a cold email
8  or a phone call, especially given the gravity of what is
9  potentially being asked here, is appropriate and is treating
10 them with fairness and dignity and that they hear it
11 directly from the government, an appropriate official from
12 the government, first rather than seeing it from some other
13 mechanism.  And we believe that a slight delay in docketing
14 just until tomorrow morning would not unduly burden the
15 public interest.
16     THE COURT:  And again, I commend the instinct and the
17 desire to do it, but I don't think it supersedes what the
18 law requires here.  And the Judge Friedrich case isn't
19 applicable since that's a question about -- that case was
20 sealed.  So I don't think that's analogous.
21     MR. NESTLER:  That case was sealed, Your Honor.  That
22 is correct.  From our perspective, we don't believe that
23 there is a law that requires immediate docketing, so that's
24 when we talk about what the law requires, I don't believe
25 that is the case.

1  THE COURT: That's my understanding certainly from
2  talking to the magistrate judges, that when indictments are
3  returned, they are docketed unless -- I mean, if they
4  sealed, they are sealed. But there is no basis to seal
5  this. And I have consulted with a couple of other judges on
6  this, and nobody thinks that it should not be docketed.
7  MR. NESTLER: Understood, Your Honor. I guess our
8  point is that that not -- that is a practice and a norm and
9  a good one and one that we respect and are usually in favor
10 of. We don't believe that there is a law or any rule or
11 other statute that would require an immediate docketing and
12 that would not allow the Court to exercise its discretion to
13 have a slight delay in docketing to accommodate other
14 interests.
15 THE COURT: I agree that's the practice. And I don't
16 know if -- I can't tell you if there's a law that
17 specifically requires it, but I don't think there's a basis
18 to not follow our practice in this.
19 So again, you folks can -- you can email and set up a
20 call, obviously, as you wish. And I'm happy to tell them to
21 wait another ten minutes or so to docket it. But I don't --
22 the indictment's been returned. It should be docketed.
23 MR. NESTLER: Thank you, Your Honor.
24 THE COURT: Okay. So I will deny the request to
25 delay docketing.

```
 1              (The hearing concluded at 4:57 p.m.)
 2                              - - -
 3                         C E R T I F I C A T E
 4
 5          I hereby certify that the foregoing is an accurate
 6    transcription of the proceedings in the above-entitled
 7    matter.
 8
 9
10    8/8/25                    s/ Tammy Nestor
                                Tammy Nestor, RMR, CRR
11                              Official Court Reporter
                                333 Constitution Avenue NW
12                              Washington, D.C. 20001
                                tammy_nestor@dcd.uscourts.gov
13
14
15
16
17
18
19
20
21
22
23
24
25
```